## CLAIM AGAINST ADMINISTRATOR FOR BOARD AND CARE.

Circuit Court of Cuyahoga County.

FRANK T. EDGAR v. SIEGEL SCHOCK, ADMINISTRATOR.*

Decided, May 24, 1909.

*Action for Board and Care—Member of Family for Whom Services Rendered—Evidence Insufficient to Establish Contract.*

In an action against an administrator to recover for the board and care of his intestate, brought by a son-in-law in whose family intestate lived, a contract for such board and care is not made out by evidence that a witness saw intestate pay plaintiff $100 with the statement that it was on account, and a statement to another witness that he intended to make his home with plaintiff and had made arrangements for his board and keep while with him.

*John A. Thompson,* for plaintiff in error.
*P. D. Metzger* and *Green & Bennett,* contra.

MARVIN, J.; HENRY, J., concurs; WINCH, J., not sitting.

The parties here are as they were in the court below. Suit was brought by the plaintiff for the board and care of the defendant's intestate for six years next preceding the death of such intestate. Upon the trial the court, at the close of the plaintiff's evidence, sustained a motion made by the defendant

---

* Affirmed without opinion, *Edgar v. Schock,* 85 Ohio State, 448.

to direct a verdict in the defendant's favor, and it is this action of the court which is complained of here as a ground of reversal.

The evidence shows that the decedent was the father of the plaintiff's wife, that he lived in the family of the plaintiff for the time charged in the petition, and that he had a room and his board and such care as he required from the plaintiff and his wife, during all that time, and that he paid to the plaintiff some money during that time, that the amount so paid was much less than the board and care of the decedent was worth. But there is no evidence which shows that a contract was ever entered into between the decedent and the plaintiff by which the plaintiff was to be paid for such support and care.

The plaintiff's wife testifies that she saw her father transfer to her husband $100 at one time while he was so living with them, and that he said to her that he had paid this to her husband on account. One Charles Beman testifies that while the decedent was living with the plaintiff, he, the decedent, said to the witness, that he intended to make his home with Mr. Edgar's folks, and as Mr. Edgar had nothing for him to do, he made arrangements to pay him for his board and keep while he was there, and he said it was because he felt more satisfied to live with his daughter May, Mrs. Edgar, than with any of his children.

These two items of evidence come the nearest to showing that there was a contract between the decedent and Edgar for board and support of any which was introduced, and these come far short of showing what is required in order that one who boards and cares for another member of his own family may require compensation therefor. The case of *Hinkle, Executor, v. Sage,* 67 Ohio St., 256, is so much like the present case that the principle there announced clearly governs this case. In that case suit was brought by a daughter-in-law against the executors of the will of her husband's father, for care and support and nursing during the latter years of the father's life, as in this case the suit was brought by the son-in-law for the care and support of his wife's father during the latter years of his life.

In the case just referred to the syllabus reads:

"In an action to recover compensation for services, when it appears that the plaintiff was a member of the family of the person for whom the services were rendered, no obligation to pay for the services will be implied; and the plaintiff can not recover in such case unless it be established that there was an express contract on the one side to perform the services for compensation, and upon the other side to accept the services and pay for them.

"Such contract may be in writing or it may rest entirely in parol, and it may be proved by direct or indirect evidence; but to entitle the plaintiff to recover the contract must be established by clear and unequivocal proof."

Counsel for plaintiff in error call our attention to the case of the *Estate of John P. Skelton, deceased,* 20 C. C., 704. This case was decided at the January term, 1900, of the Circuit Court of Hamilton County, and to the extent that the circuit court finds that it is in conflict with the case of *Hinkle* v. *Sage, supra,* we must follow the latter case, first, because it is a decision of the Supreme Court of the state, and secondly because it was decided two years later than the Skelton case.

Applying the principles enunciated in the Hinkle case the court was entirely justified in directing a verdict for the defendant, and the judgment is affirmed.